■ H. R. JACOBY, INC., Appellant, v. MAX E. KUSHNER et al., Individually and Doing Business under the Name of KUSHNER IMPORTING COMPANY, et al., Respondents.— Appeal from order entered December 14, 1956, denying plaintiff's motion to open its default herein and for other relief, having become academic by virtue of the decision of this court in *H. R. Jacoby, Inc.* v. *Kushner* (3 A D 2d 905) is dismissed.  Concur — Breitel, J. P., Rabin, Frank and Valente, JJ.

■ H. R. JACOBY, INC., Appellant, v. MAX E. KUSHNER et al., Individually and Doing Business under the Name of KUSHNER IMPORTING COMPANY, et al., Respondents.— The plaintiff on the renewal of its motion to vacate the default judgment entered dismissing its complaint made adequate explanation of the delay that prompted the denial of the original motion to open its default.  In addition, plaintiff satisfactorily explained its failure to move to restore the case to the Reserve Calendar in the year that elapsed between the time it was marked " Off " the Reserve Calendar and its automatic dismissal by the clerk as provided by subdivision 2 of rule 302 of the Rules of Civil Practice. It is not disputed that the case was marked " Off " the Reserve Calendar upon the understanding that it was to be restored upon notice when letters rogatory would be returned from Brazil.  It appears that these letters had not been returned when the clerk dismissed the action in 1953.  The parties considered the case active as late as 1955.  This is evidenced by the fact that they entered into a stipulation concerning some of the details of the return of the interrogatories.  Both parties appear to be in part responsible for the overall delay and there is an adequate showing of merit on the part of the plaintiff.  We conclude that the plaintiff shows circumstances that warrant the vacatur of the judgment and the opening of the default (*People ex rel. Weiss* v. *Boyland*, 3 A D 2d 738).  Accordingly, the order of Trial Term denying plaintiff's motion for an order on additional grounds vacating the judgment is unanimously reversed, without costs, and the motion to vacate the judgment and to open the plaintiff's default and restoring the case to the calendar for trial is granted.  Settle order on notice.  Concur — Breitel, J. P., Rabin, Frank and Valente, JJ.

■ SUE ISAACSON, Respondent, v. MICHAEL ISAACSON, Appellant.— Upon the findings made by the Referee in his report, which was confirmed by Special Term, the award was excessive.  Order unanimously modified by modifying the judgment of separation to provide that the defendant pay to the plaintiff for her support and maintenance the sum of $40 per week, commencing September 24, 1956 and, as so modified, is unanimously affirmed.  Settle order on notice. Concur — Breitel, Rabin, Frank, Valente and McNally, JJ.

■ HELEN D. MILLER, Individually and as Executrix of ALTON G. MILLER, Deceased, Appellant, v. UNIVERSAL PICTURES COMPANY, INC., et al., Respondents.— Order of Special Term unanimously modified to provide for the examination of Messrs. Simonelli and Lipton in New York City at a time and place to be fixed in the order.  The books and records available in New York City shall be produced pursuant to section 296 of the Civil Practice Act upon the examination.  With respect to Messrs. Davis and Horton, plaintiff, if she be so advised, may move to obtain their testimony by way of interrogatories or open commission at her own expense in California.  If they are so examined, the books and records available in California shall be produced at that time. Settle order on notice.  Concur — Breitel, J. P., Frank, Valente and McNally, JJ.