■ PETER MANNING, an Infant, by His Father and Natural Guardian, JOHN MANNING, et al., Appellants, v CLARENCE DUNN et al., Respondents, et al., Defendant. (Action No. 1.) PETER MANNING, an Infant, by His Father and Natural Guardian, JOHN MANNING, et al., Appellants, v INCORPORATED VILLAGE OF GARDEN CITY et al., Defendants and Third-Party Plaintiffs-Respondents, and SHANTY HOLLOW CORPORATION et al., Third-Party Defendants-Respondents. (Action No. 2.) — In negligence and medical malpractice actions to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County (Vitale, J.), dated July 22, 1983, which denied their motion to vacate the automatic dismissal of their actions pursuant to CPLR 3404 and to restore the actions to the trial calendar.

Order reversed, without costs or disbursements, and motion granted on condition that plaintiff's attorneys pay the sum of $250 to each of the respondents appearing on this appeal, for a total of $1,250, within 30 days after service upon them of a copy of the order to be made hereon, with notice of entry; in the event such condition is not complied with, order affirmed, with one bill of costs.

In these actions to recover damages for personal injuries sustained by the infant plaintiff Peter Manning in a skiing accident, the cases were marked off the Trial Calendar in July, 1981, apparently on the ground that the parties were not ready to proceed. About a year later, plaintiffs moved to restore the cases to the Trial Calendar, contending that the delay was due to Peter Manning's law studies and his inability to attend a protracted trial. Special Term denied the motion without prejudice to an application to vacate the automatic dismissal pursuant to CPLR 3404. Plaintiffs' subsequent motion to vacate the dismissal was denied.

We reverse and exercise our discretion to excuse the default. The merits of plaintiffs' actions were demonstrated by a physician's affidavit and portions of plaintiff Peter Manning's deposition. While the excuse for the delay was not wholly satisfactory, it is sufficient under the circumstances to warrant vacating the dismissal (see *National States Elec. Corp. v Insurance Co.,* 103 AD2d 824; *Wilenski v Auricchio Monuments,* 102 AD2d 824). It is also significant that the actions were originally stricken on consent of the parties with leave to restore (see *Pirnak v Savino,* 96 AD2d 857) and that there is no indication of prejudice to the defendants and the third-party defendants. In view of the nature of plaintiffs' excuse, we have fixed an appropriate sanction as a condition of the relief granted (see *Stolpiec v Wiener,* 100 AD2d 931). Mollen, P. J., Lazer, O'Connor and Brown, JJ., concur.