(November 25, 1986)

■ FRED BERGAN, Respondent, v HOME FOR INCURABLES, Defendant, and ST. BARNABAS HOSPITAL et al., Appellants.—

Plaintiff commenced the subject medical malpractice action in 1976, concerning events alleged to have occurred in 1974 and 1975. In October 1980, a note of issue was served and filed. Some two years later, however, on October 25, 1982, plaintiff's counsel requested that the case be marked off the Trial Calendar because, notwithstanding the passage of six years since the action's commencement, plaintiff was still having difficulty obtaining his medical records. The case was marked off the calendar on defendant's consent.

On October 20, 1983, plaintiff moved to restore his action to the Trial Calendar. The motion was opposed by defendants who noted that no excuse for the delay in prosecuting the action was provided by plaintiff and that the motion was unaccompanied by the required affidavit of merits. Plaintiff's motion was denied by Trial Term for the reasons advanced by defendants, but with leave to renew upon submission of papers remedying the cited deficiencies in the application.

In April 1984, more than two months after Trial Term's aforementioned order, the subject action was dismissed pursuant to CPLR 3404 for failure to restore within a year. One month later, however, plaintiff renewed his motion to restore the action to the Trial Calendar, this time including a physician's affidavit. Special Term, initially noting that plaintiff had improperly failed to seek vacatur of the judgment of dismissal, went on to find that plaintiff's affidavit and excuse for delay were still insufficient and, by order dated July 7, 1984, again denied plaintiff's motion. Thereafter, on July 19, 1984, plaintiff moved to vacate the dismissal and to reargue or renew its motion to restore, claiming for the first time that when the action was marked off the calendar it was agreed that defendant would not oppose restoration. Based upon these representations, the matter was referred for a hearing to determine whether such an agreement had been made. At the informal proceeding which followed, counsel for plaintiff and defendants made belatedly sworn and wholly unsworn assertions respectively that the alleged oral promise not to

oppose had and had not been made. Relying on the finding reached as a result of the hearing that such a promise had been made, Special Term granted plaintiff's motion to restore in the order appealed from.

The presumption that an action dismissed pursuant to CPLR 3404 has been abandoned is rebuttable, but it may not be rebutted on a showing such as the one here made by plaintiff. To vacate a CPLR 3404 judgment of dismissal, the movant must submit affidavits demonstrating sufficiently that the default in prosecuting the action was excusable, that the action has merit, and that the defendant has not been prejudiced by the delay in bringing the action to trial. *(See,* CPLR 5015 [a] [1]; *Adam v Hilton Hotels Corp.,* 91 AD2d 884, 885; *Shea v City of New York,* 77 AD2d 21, 23; *Sortino v Fisher,* 20 AD2d 25, 27-28; *see also,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.05.) Although the court on two occasions found that plaintiff's proffered excuse was inadequate and that the submitted affidavits did not satisfactorily demonstrate the action's merit, and although the possibility of prejudice to defendant ought not to have been discounted considering that nine years had passed since the action's commencement and 11 years since the events with which the action is concerned, the court nevertheless vacated the judgment of dismissal, apparently in recognition of the alleged oral understanding between the parties pursuant to which defendant agreed not to oppose restoration.

While an agreement that restoration is to be unopposed may have some bearing on whether an action has in fact been abandoned, it does not of itself demonstrate the action's merit or that plaintiff's default is excusable. *(Williams v Giattini,* 49 AD2d 337, 339.) The purpose of CPLR 3404, namely to dispose of long-pending, presumptively neglected and meritless claims, would be improperly frustrated if the parties' agreement alone was a sufficient ground upon which to predicate restoration. The parties cannot contract away the salutary effect of the court's self-executing power to dismiss pursuant to CPLR 3404. *(See, Williams v Giattini, supra,* at p 339.) Nor can the court in a proper exercise of discretion allow even a duly executed nonopposition agreement to relieve a plaintiff from its obligatory showing of excuse and merit. *(Supra.)*

Thus, even had the parties herein entered into a written stipulation satisfying the requirements of CPLR 2104, their agreement, although worthy of some consideration, would not compensate for fundamental deficiencies in plaintiff's motion to restore application. A fortiori, where, as here, the parties'

alleged agreement is said to have been made during a brief conversation in a courthouse corridor, and is evidenced only by the conflicting belatedly sworn and unsworn assertions of opposing counsel at an informal hearing, it is worthy of little if any consideration. Plainly, the out-of-court oral agreement alleged in no way fulfills the demands of CPLR 2104. It is, therefore, not binding on defendants. Moreover, the questionable manner in which the agreement was purportedly proven does not entitle it to be accorded any but the most minimal weight on the ultimate issue of abandonment. This would be true even if the court's consideration of the agreement was not procedurally foreclosed, as it was in this case, by plaintiff's failure on either of his first two restoration motions to make any mention of the agreement. The matter of the agreement, newly advanced by plaintiff on his July 19, 1984 motion, could have been raised on his earlier motions and was not a permissible ground for Special Term's discretionary grant of reargument or renewal. *(Foley v Roche,* 68 AD2d 558, 567-568.)

In any case, the record made by plaintiff in this matter is patently insufficient to overcome the presumption of abandonment raised by CPLR 3404. Plaintiff offers no adequate explanation indicating why in the exercise of due diligence he was unable to obtain his own medical records until three years after the matter was placed on the Trial Calendar and some seven years after the action's inception. *(See, Romanoff v St. Vincent's Hosp. & Med. Center,* 97 AD2d 382.) Further, the physician's affidavit of merit supplied by plaintiff relies exclusively upon plaintiff's medical records, and is conclusory in the extreme. Notably absent from the affidavit is any assertion that the defendants' vaguely described omission (i.e., failing to prescribe a course of physical therapy) constituted a departure from accepted standards of medical practice. *(See, supra,* at p 383.) As has been elsewhere observed *(Sortino v Fisher, supra,* at pp 28, 31-32), there is an intimate relation between an action's merit and the fact of its neglect. Where, as here, a long-pending action is not, after several motions to restore the case to the calendar, shown to be meritorious, the inference is very strong that it has been neglected for its meager promise.

Accordingly, in light of plaintiff's failure to provide a satisfactory excuse for the delay in prosecuting his action, or to demonstrate the action's merit, the presumption of abandonment raised by CPLR 3404 has not been overcome and the within motion to restore the case to the calendar must be denied. For reasons discussed above, this conclusion would not

be altered even if plaintiff had made timely mention of the alleged agreement. Supposing it to have been made, that agreement failed to conform to the requirements of CPLR 2104 and, therefore, did not bind defendants. Much less should it have bound the court or even figured in its consideration when, as the court itself observed, the essential elements of excuse and merit were so inadequately shown. Concur—Murphy, P. J., Sandler, Sullivan, Rosenberger and Wallach, JJ.