■ ELIZABETH DENVER, as Executrix of the Estate of EILEEN

Burns, Deceased, et al., Respondents, v American Home Products Corp. et al., Appellants.—In an action sounding in medical malpractice and strict products liability, to recover damages for personal injuries, etc., the defendants separately appeal (1) from an order of the Supreme Court, Westchester County (Gurahian, J.), dated December 3, 1986, which granted the plaintiffs' motion to vacate a dismissal of the action pursuant to CPLR 3404 and to restore the action to the Trial Calendar by filing a note of issue, and (2), as limited by their briefs, from so much of an order entered April 13, 1987, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeals from the order dated December 3, 1986, are dismissed, as that order was superseded by the order entered April 13, 1987, made upon reargument; and it is further,

Ordered that the order entered April 13, 1987, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs, payable by the appellants appearing separately and filing separate briefs.

Eileen Burns, now deceased, was prescribed the birth control pill Ovral beginning in 1966. She had obtained this contraceptive allegedly without giving her medical history. On September 5, 1970, she suffered a stroke.

The plaintiffs maintain that she was never asked about her past childbirths and medical problems which would have contraindicated the use of Ovral. The defendants Planned Parenthood of Eastern Westchester, Inc., Planned Parenthood Federation of America, Inc., and Hudson River Committee for Planned Parenthood claim that Mrs. Burns withheld the information from them. The defendants American Home Products Corp. and Wyeth Laboratories, Inc., are the manufacturers of Ovral.

In 1981, at the request of the defendants, the parties stipulated to remove the case from the Trial Calendar. One year later the case was deemed to be dismissed under CPLR 3404. The Supreme Court in its order dated December 3, 1986, found the circumstances leading up to the removal of the case from the Trial Calendar not within the ambit of CPLR 3404. We agree. The case was not abandoned nor was it marked "off" or struck from the calendar. It was removed by mutual consent. It should be noted that there was activity in the case during this time. The circumstances indicate that the litiga-

tion was not abandoned *(see, Jacoby, Inc. v Kushner,* 3 AD2d 905).

Even if we were to conclude that CPLR 3404 applied herein the Supreme Court would have been correct in exercising its discretion to restore the action to the Trial Calendar. The plaintiff has shown meritorious causes of action, valid excuses for the default and a lack of significant prejudice to the defendants *(see, Boyle v Krebs & Schulz Motors,* 18 AD2d 1010; *Marco v Sachs,* 10 NY2d 542, *rearg denied* 11 NY2d 766, 798). Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.