■ DONNA J. HILLEGASS, Individually and as Administratrix of the Estate of JACK HILLEGASS, Deceased, Respondent, v DOUGLAS DUFFY et al., Defendants, and HOWARD EXPRESS et al., Appellants.—In an action, *inter alia,* to recover damages for wrongful death, the defendants Howard Express and Syracuse Sand and Gravel, Inc. appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated October 27,

1987, which granted the plaintiff's motion to restore the action to the Trial Calendar.

Ordered that the order is reversed, as a matter of discretion, with one bill of costs, the motion is denied, and the complaint is dismissed.

The plaintiff's causes of action are almost 13 years old, the plaintiff's decedent having died as a result of injuries suffered in an automobile accident which occurred on August 20, 1976. The action was placed on the Trial Calendar of the Supreme Court, Kings County, on or about April 27, 1982, almost seven years ago.

By order dated September 13, 1983, the Supreme Court, Kings County (Jordan, J.), directed that the venue of the trial be transferred from Kings County to Ulster County. The plaintiff appealed from that order. By order of this court dated October 22, 1984, that determination was reversed, and the defendants' motion for a change of venue was denied *(Hille-gass v Duffy,* 104 AD2d 969).

On or about January 3, 1984, during the pendency of the plaintiff's appeal from the order which had directed a change of venue, the action was marked off the calendar of the Supreme Court, Kings County. The plaintiff took no steps to restore her action to the calendar until on or about July 20, 1987, when the first of two motions to restore the action to the Trial Calendar was made.

By notice of motion dated July 21, 1987, the defendant Howard Express, apparently unaware of the plaintiff's motion to restore, made a motion to dismiss the action. This motion was premised on the plaintiff's failure to resume prosecution of her action within 90 days after the service upon her of a notice pursuant to CPLR 3216 (b). The 90-day notice had been served on or about February 5, 1987.

The present record on appeal does not indicate the disposition either of the plaintiff's first motion to restore or of the defendant Howard Express's motion to dismiss. We are advised by counsel that these motions were rejected "on technical grounds". By notice of motion dated August 26, 1987, the plaintiff made a second motion to restore the case to the calendar. That motion was granted, and this appeal followed.

Preliminarily, we note that the record on appeal filed by Howard Express contains papers which, although included in its prior motion to dismiss the action, were apparently not before the Supreme Court at the time it made the order appealed from. In deciding this appeal, we consider only those

facts which were established in the papers that were before the Supreme Court in issuing the order under review.

Pursuant to CPLR 3216 (a), the Supreme Court has the power to dismiss the action of any plaintiff who "unreasonably neglects to proceed". This power has been curtailed, however, by the terms of CPLR 3216 (b) which, in general, prohibit such dismissals unless the plaintiff has failed to comply with a 90-day notice *(see, e.g., Ciminelli Constr. Co. v City of Buffalo,* 110 AD2d 1075; *Wainwright v Lively & Co.,* 99 AD2d 490). However, the 90-day notice requirement of CPLR 3216 (b) (3) is inapplicable to motions to dismiss for neglect to prosecute based solely on delays in the prosecution of an action which occur after the action has been placed on the Trial Calendar *(see,* CPLR 3216 [d]; *Rosenburgh v University of Rochester,* 60 AD2d 756; *Travelers Indem. Co. v Central Trust Co.,* 49 AD2d 1024, 1025; *Williams v Baker,* 29 AD2d 915; Siegel, 1976 Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 3216:24, 1989 Supp Pamph, at 636; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3216.11). The dismissal of the plaintiff's action is therefore authorized by the terms of CPLR 3216 (a) based on the plaintiff's delay in prosecuting the action after its placement on the Trial Calendar, irrespective of any compliance (or noncompliance) with a 90-day notice.

The dismissal of the plaintiff's action is also authorized pursuant to CPLR 3404, which provides that an action which has been marked off the calendar shall be deemed abandoned, and automatically dismissed, if it is not restored to the calendar within one year. Pursuant to this statute, the plaintiff's action was automatically dismissed on January 3, 1985, one year after it was marked off the Trial Calendar *(see, Rosser v Scacalossi,* 140 AD2d 318; *Sanick v Schauder,* 15 AD2d 801). The plaintiff's motion to restore her action to the calendar must be treated as a motion to vacate that automatic dismissal *(see, Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720). Actions which are deemed abandoned and which are automatically dismissed pursuant to this section may not be restored to the calendar unless the plaintiff produces evidence which (1) rebuts the presumption of abandonment, (2) demonstrates the merit of the underlying cause of action, and (3) shows that the defendants have not been prejudiced *(see generally, Resto v Kohen,* 124 AD2d 722; *Sheehan v Hollywood,* 112 AD2d 211; *Manning v Dunn,* 107 AD2d 674).

We find that the plaintiff's affidavit of merit is palpably inadequate, since its allegations completely fail to demonstrate that there is any merit to the plaintiff's causes of

action. The need to demonstrate merit is all the more important in the present case, where it appears from the affirmation of the plaintiff's counsel that the decedent was killed while driving a northbound car in the southbound lanes of Route 17. Furthermore, even assuming that the pendency of the plaintiff's appeal between September 1983 and October 1984 excuses the plaintiff's failure to take any steps to restore the action to the calendar during that period, there is no valid excuse for the plaintiff's failure to move to restore the action to the calendar for almost three years following October 22, 1984. Thus, the plaintiff's motion should be denied.

The plaintiff's contention that CPLR 3404 is inapplicable to a case such as the present one, where the action is marked off the calendar for reasons which do not reflect a lack of readiness to proceed on the plaintiff's part *(cf., Denver v American Home Prods. Corp.,* 138 AD2d 670), is without merit. The statute is not limited to such cases. That a particular action was originally marked off the Trial Calendar for reasons not attributable to the default or neglect of the plaintiff may be an important factor in deciding whether the presumption of abandonment which arises one year later has, in fact, been rebutted *(see, Denver v American Home Prods. Corp., supra; H. R. Jacoby, Inc. v Kushner,* 3 AD2d 905). It does not follow, however, that CPLR 3404 is totally inapplicable to cases which have been marked off the calendar for reasons other than the plaintiff's neglect, or that a plaintiff may, as a matter of right, have such cases restored to the calendar, without any showing of merit, even after one year has passed *(cf., Balducci v Jason,* 133 AD2d 436 [affidavit of merit unnecessary where a motion to restore action to calendar is made within one year]).

In light of the plaintiff's failure to demonstrate any merit to her causes of action, the court improvidently exercised its discretion in vacating the automatic dismissal pursuant to CPLR 3404. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.