■ JOSE ESCOBAR et al., Respondents, v DEEPDALE GENERAL HOSPITAL, Appellant.—In an action to recover damages for medical malpractice, etc., the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated October 2, 1989, as granted that branch of the plaintiffs' motion which was, in effect, to vacate an automatic dismissal of the action pursuant to CPLR 3404.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of plaintiffs' motion which was, in effect, to vacate an automatic dismissal of the action pursuant to CPLR 3404, is denied.

The plaintiffs filed a note of issue before completion of discovery and, at a conference *(see,* 22 NYCRR 202.56) conducted in May 1986 in response to the defendant's motion to vacate the note of issue, the parties stipulated that the case would be marked "off", that it would be "restored" on "motion", and that the defendant would "consent to said restoration upon completion of the discovery herein". Although there was some post-stipulation activity, the plaintiffs initiated virtually no proceedings after the autumn of 1986 and the defendant initiated no proceedings after March 1987. In May 1987 the case was automatically dismissed. The plaintiffs did nothing until September 1988 when they made a motion to compel the defendant to appear for a deposition. Upon learn-

ing that the action had been dismissed by the clerk pursuant to CPLR 3404, the plaintiffs withdrew their motion but took no steps to vacate their default until nine months later, when they made the present motion, coupled with another application to compel the defendant to appear for a deposition.

The plaintiffs' assertions to the contrary notwithstanding, the circumstances leading up to the defendant's motion to strike the note of issue, as well as the terms of the parties' ensuing stipulation, make clear that this case is within the ambit of CPLR 3404 (see, *Hillegass v Duffy*, 148 AD2d 677; cf., *Denver v American Home Prods. Corp.*, 138 AD2d 670; see also, *Bergan v Home for Incurables*, 124 AD2d 517). The plaintiffs' motion, which must be treated as one to vacate an automatic dismissal (see, *Hillegass v Duffy, supra*, at 679), should thus have been premised on proof of merit, excusable default, and lack of prejudice to the defendant (see, *Marco v Sachs*, 10 NY2d 542; *Hillegass v Duffy, supra*; *Fluman v TSS Dept. Stores*, 100 AD2d 838). No such showings have been made here.

Although the parties' stipulation obligated the defendant to consent to "restoration" of the action upon timely motion following completion of discovery and although that stipulation is a factor to be considered in determining whether the action has in fact been abandoned (see, *Bergan v Home for Incurables, supra; cf., Hillegass v Duffy, supra*), the plaintiffs' long delays in seeking to resume prosecution of this action remain unexplained. There is no demonstration that those delays have not occasioned prejudice and, in any event, the plaintiffs submit no affidavit by a medical expert demonstrating that there is merit to their allegations that the defendant departed from good and accepted medical practice (see, *Wulster v Rubinstein*, 126 AD2d 545; *Amodeo v Radler*, 89 AD2d 594). Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.