■ ERMA DAMAS, Appellant, v ANTONIO BARBOZA et al., Respondents. [614 NYS2d 324] —In an action to recover damages for refusal to sign a satisfaction of judgment and for fraud in procuring a judgment by default, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated June 25, 1992, as (1) denied her motion to vacate a prior order of the same court, dated October 24, 1991, dismissing the action pursuant to CPLR 3404 as abandoned, and to restore the action to the trial calendar, and (2) granted that branch of the defendants' cross motion which was to resettle the order dated October 24, 1991, dismissing the action as of July 14, 1990, so as to reflect a dismissal date of January 11, 1991.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's contention on appeal that the action was not on the trial calendar and therefore was not struck from the calendar when the court struck her note of issue is without merit. Filing of the note of issue and certificate of readiness

placed the action on the calendar *(see,* CPLR 3402 [a]; 22 NYCRR 202.21 [a]; 202.22 [a] [3], [4]). The court properly struck the note of issue and struck the case from the calendar because the plaintiff's failure to comply with discovery rendered the case unready for trial *(see,* 22 NYCRR 202.21 [e]). It is well-settled that in order to restore a matter which has been stricken from the trial calendar, the movant must produce evidence which (1) rebuts the presumption of abandonment, (2) demonstrates the merits of the underlying cause of action, and (3) shows that the defendant has not been prejudiced *(see, Keppler v Rosch,* 178 AD2d 581; *Hillegass v Duffy,* 148 AD2d 677). The plaintiff failed to submit any evidence demonstrating either the merits of her cause of action or lack of prejudice to the defendants. Therefore, the court properly denied the motion to vacate the dismissal of the complaint.

Inasmuch as the last activity in the case took place on January 11, 1990, the court properly resettled the order dismissing the action to reflect a dismissal date of one year later; that is January 11, 1991. Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.