■ MICHAEL T. ETTER et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [690 NYS2d 712] —In an action, *inter alia,* to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated April 2, 1998, which granted the plaintiffs' motion to restore the action to the trial calendar and denied their cross motions to dismiss the action as abandoned.

Ordered that the order is affirmed, with one bill of costs.

On September 20, 1994, this case was marked off the trial calendar upon agreement by the parties. One year later, pursuant to CPLR 3404, the action was deemed abandoned and automatically dismissed (*see, Rosser v Scacalossi,* 140 AD2d 318). By notice of motion dated January 27, 1998, the plaintiffs sought to restore the action to the calendar.

Actions which are deemed abandoned and which are automatically dismissed pursuant to CPLR 3404 may not be restored to the calendar unless the plaintiff produces evidence which (1) rebuts the presumption of abandonment, (2) demonstrates the merit of the underlying cause of action, and (3) shows that the defendants have not been prejudiced (*Escobar v Deepdale Gen. Hosp.,* 172 AD2d 486; *Hillegass v Duffy,* 148 AD2d 677).

During the three-year and four-month lapse between the automatic dismissal and the plaintiffs' motion to restore, there was activity in the form of motion practice and discovery, some of which was delayed by the death of one of the defendants. The circumstances indicate that the case was not abandoned (*see, Denver v American Home Prods. Corp.,* 138 AD2d 670). Furthermore, the plaintiffs have shown that they have meritorious causes of action through an affidavit of an expert physician, and they have also demonstrated a lack of prejudice to the defendants (*cf., Friedberg v Bay Ridge Orthopedic Assocs.,* 122 AD2d 194; *Monahan v Fiore,* 71 AD2d 914). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.