■ LINDA RIFKIN, Respondent, v MARC W. HERMAN, Appellant. [691 NYS2d 142] —In an action to recover damages for dental malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Lisa, J.), dated June 30, 1998, which granted the plaintiff's motion to vacate the automatic dismissal of the complaint pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

Under the circumstances, it was not an improvident exercise of discretion to vacate the automatic dismissal and to restore the action to the trial calendar. CPLR 3404 creates a rebuttable presumption that an action marked off the trial calendar and not restored within one year has been abandoned. The

court has the discretionary power to restore the case if the movant establishes the merit of the cause of action, a reasonable excuse for the delay, lack of intent to abandon the action, and a lack of prejudice to the other party (see, Drucker v Progressive Enters., 172 AD2d 481; Malpass v Mavis Tire Supply Corp., 143 AD2d 890).

Here, the plaintiff sustained her burden. While her prior attorneys failed to exercise due diligence in restoring the action, it appears that plaintiff has a meritorious claim as evidenced by the affidavit from her dental expert. Moreover, there is nothing in the record to indicate that defendant has been prejudiced by the plaintiff's delay in seeking to restore the case. It was reasonable for her to rely upon the efforts of her prior counsel since she had no knowledge that the case had been marked off the trial calendar at her counsel's request. The plaintiff's prompt efforts, upon discovery of what occurred, in retaining new counsel and an expert witness and making the motion to have the case restored establishes the absence of any intent on her part to abandon the case (see, Malpass v Mavis Tire Supply Corp., supra). Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.