◼ Randall Ziegler et al., Respondents, v City of New York et al., Defendants, and Consolidated Edison Company of New York, Inc., Defendant and Third-Party Plaintiff. New York Paving, Inc., Third-Party Defendant-Respondent; Brooklyn Union Gas Company, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [698 NYS2d 898] —In an action to recover damages for personal injuries, etc., the third-party defendant Brooklyn Union Gas Company appeals from stated portions of an order of the Supreme Court, Queens County (Polizzi, J.), dated August 24, 1998, which, *inter alia,* granted the plaintiffs' motion to vacate the automatic dismissal of the complaint pursuant to CPLR 3404 and restore the action to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, the trial court properly vacated the automatic dismissal and restored the action to the trial calendar. The plaintiffs demonstrated an absence of intent to abandon the case, reasonable excuse for the delay, a meritorious cause of action, and lack of prejudice to the defendants (*see,* CPLR 3404; *Rifkin v Herman,* 262 AD2d 389; *Etter v County of Nassau,* 261 AD2d 571). O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.