■ Julie Friedman, Appellant, v Steven Friedman, Respondent. [707 NYS2d 882] —In an action to recover damages for

personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated September 18, 1998, which denied her motion to vacate the automatic dismissal of the complaint pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the action is restored to the trial calendar.

A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event the case is restored to the trial calendar (*see, Peker v Kaplan,* 268 AD2d 572; *Aguilera v 366 Hewes St. Assocs.,* 265 AD2d 436; *Avila v City of New York,* 254 AD2d 383). Contrary to the Supreme Court's determination, the plaintiff sufficiently demonstrated these elements and is entitled to restoration (*see, Ziegler v City of New York,* 266 AD2d 536; *Clayton-Garcia v Moskin,* 256 AD2d 299; *Avila v City of New York, supra*). Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.