(May 23, 2000)

COLONIA INSURANCE COMPANY, Respondent, v S&A STORES, INC., Defendant and Third-Party Plaintiff. CREATIVE COVERAGE NETWORK, INC., Third-Party Defendant and Second Third-Party Plaintiff, v NEWPORT COVERAGE CORP. et al., Second Third-Party Defendants-Appellants. [708 NYS2d 381] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 24, 1999, which, in an action by an insurer against its insured to recover unpaid premiums, granted plaintiff's mo-

tion to vacate an automatic dismissal of the action pursuant to CPLR 3404, affirmed, without costs.

Plaintiff demonstrated that it never intended to abandon the action. The action was marked off the calendar pursuant to stipulation entered into between plaintiff and defendant. The stipulation placed the onus of restoration on defendant, since it needed to bring a third-party action against an insurance broker and plaintiff was accommodating such need by entering into the stipulation. The stipulation was followed with immediate and significant third-party practice, apparently still ongoing at the time the instant motion was made shortly after the automatic dismissal. That practice included the commencement and prosecution of a second third-party action against yet another insurance broker, who was the only party to oppose the instant motion. In the present context, the stipulation itself and the absence of opposition from defendant, the other party to the stipulation, are persuasive evidence of the action's merit. Concur—Sullivan, P. J., Tom, Mazzarelli and Wallach, JJ.

Buckley, J., dissents in a memorandum as follows: Since CPLR 3404 and the decisional law make it clear that an affidavit of merit is required to restore a case which has been automatically dismissed, I am constrained to dissent.

Plaintiff had stipulated with defendant to mark the case off the calendar; after an automatic dismissal, plaintiff moved to restore without submitting an affidavit of merit. Notably, even after brought to plaintiff's attention, no affidavit of merit was submitted to the IAS Court. Instead of satisfying the literal requirement of CPLR 3404, plaintiff opted to rely upon the earlier stipulation. The consistent rule has been that an affidavit of merit is required (*Kougianos v City of New York*, 234 AD2d 14; *Bergan v Home for Incurables*, 124 AD2d 517). The stipulation between plaintiff and defendant cannot be used in lieu of an affidavit of merit, which affidavit is not a mere technicality but a plain requirement of CPLR 3404 that has been previously enforced literally.