■ Noushi Ettehadieh, Respondent, v Michael Dolan et al., Appellants. [725 NYS2d 859] —In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated December 14, 1999, which granted the plaintiff's motion to vacate the automatic dismissal of the complaint pursuant to CPLR 3404 and restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event the case is restored to the trial calendar (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190; *Friedman v Friedman,* 272 AD2d 293; *Nisselson v Hercules Constr. Corp.,* 269 AD2d 507; *Rifkin v Herman,* 262 AD2d 389; *Etter v County of Nassau,* 261 AD2d 571). Contrary to the defendants' contention, the plaintiff's submissions, which included a physician's affidavit attesting to the merit of her malpractice claim, sufficiently demonstrated

these elements. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to restore the action to the trial calendar (*see, Friedman v Friedman, supra; Nisselson v Hercules Constr. Corp., supra; Rifkin v Herman, supra; Etter v County of Nassau, supra*). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.