■ ALANA MARTIN, an Infant, by Her Mother and Natural Guardian, NANCY MARTIN, et al., Plaintiffs, v NYRAC, INC., Doing Business as BUDGET RENT-A-CAR OF NEW YORK CITY, Defendant and Third-Party Plaintiff, et al., Defendants, and MICHAEL CHAKMAKJIAN, Respondent. NANCY MARTIN, Third-Party Defendant-Appellant. [725 NYS2d 565] —In a consolidated action to recover damages for personal injuries, etc., the third-party defendant, Nancy Martin, appeals from (1) an order of the Supreme Court, Queens County (LeVine, J.), dated May

17, 2000, which granted the motion of the defendant Michael Chakmakjian to restore his counterclaim to the trial calendar, and denied the cross motion of the defendant NYRAC, Inc. d/b/a Budget Rent-A-Car of New York City for summary judgment dismissing the counterclaim or to dismiss the counterclaim pursuant to CPLR 3404, and (2) an order of the same court, also dated May 17, 2000, which denied her cross motion for summary judgment dismissing the counterclaim or to dismiss the counterclaim pursuant to CPLR 3404.

Ordered that the orders are reversed, on the law, with costs, the motion is denied, the cross motions are granted, and the counterclaim of the defendant Michael Chakmakjian is dismissed.

It is well established that to restore a case to the trial calendar after it has been marked off and thereafter dismissed pursuant to CPLR 3404, the plaintiff must establish the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party if the case is restored to the calendar. The moving party must satisfy all four components of the test before the dismissal can be properly vacated (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190; *Pierre v Steve & Slavo Mgt. Corp.,* 266 AD2d 366; *Fico v Health Ins. Plan,* 248 AD2d 432). The defendant Michael Chakmakjian failed to meet this test. Thus, restoring his counterclaim to the trial calendar was improper. Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.