■ MARY A. LUZZI, Respondent, v THOMAS W. TOBIN et al., Appellants, et al., Defendant. [732 NYS2d 371] —In an action to recover damages for personal injuries, the defendants Thomas W. Tobin and Milinda Tobin appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered March 12, 2001, which granted the plaintiff's motion to restore the action to the trial calendar and denied their cross motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

A party seeking to restore a case to the trial calendar more than one year after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event the case is restored to the trial calendar (*see, Ettehadieh v Dolan,* 283 AD2d 605; *Civello v Grossman,* 192 AD2d 636; *cf., Basetti v Nour,* 287 AD2d 126). The moving party must satisfy all four components of the test before the dismissal can be properly vacated (*see, Fico v Health Ins. Plan,* 248 AD2d 432). The plaintiff failed to meet this burden. Thus, the action against the appellants should have been dismissed (*see, Devest, Ltd. v Continental Garage Mgt. Corp.,* 251 AD2d 214; *Leone v Bates Plan-A-Home,* 144 AD2d 759). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.