■ MARTINA CASTILLO, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [775 NYS2d 82]—

In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated February 14, 2003, as granted that branch of the plaintiff's motion which was to restore the action to the trial calendar insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to restore the action insofar as asserted against the defendant New York City Housing Authority is denied.

"A party seeking to restore a case to the trial calendar more than one year after it has been marked 'off,' and after it has been dismissed pursuant to CPLR 3404, must establish a meritorious cause of action, a reasonable excuse for the delay . . ., a lack of intent to abandon the action, and a lack of prejudice to the defendants" (*Kalyuskin v Rudisel,* 306 AD2d 246, 247 [2003]; *see Samuel & Weininger v Belovin & Franzblau,* 5 AD3d 466 [2004]; *Kanner v Rubin,* 1 AD3d 569 [2003]; *Basetti v Nour,* 287 AD2d 126, 130 [2001]). The moving party must satisfy all four components of the test before dismissal can be properly vacated (*see Luzzi v Tobin,* 288 AD2d 193 [2001]; *Martin v NYRAC, Inc.,* 284 AD2d 311 [2001]; *Fico v Health Ins. Plan of Greater N.Y.,* 248 AD2d 432 [1998]).

Here, the plaintiff failed to meet this burden. The plaintiff's excuse that her attorney missed the trial conference, scheduled for June 1, 2000, because she was unaware of the date, amounts to law office failure, which, under the circumstances of this case, did not constitute a reasonable excuse (*see Cruz v Volkswagen of Am.,* 277 AD2d 340 [2000]; *Collins v New York City*

*Health & Hosps. Corp.*, 266 AD2d 178 [1999]; *Rudy v Chasky*, 260 AD2d 625 [1999]; *Fico v Health Ins. Plan of Greater N.Y., supra; Diamond v J.B.J. Mgt. Co.*, 220 AD2d 378 [1995]). Moreover, the plaintiff engaged in only minimal activity regarding the case during the 2½-year period which elapsed from the date it was marked off the calendar, to the date she moved to restore. This limited activity was insufficient to rebut the presumption of abandonment that attached after the automatic dismissal (*see Kalyuskin v Rudisel, supra; Cruz v Volkswagen of Am., supra; Fico v Health Ins. Plan of Greater N.Y., supra*). Furthermore, the plaintiff's submissions failed to adequately demonstrate the existence of a meritorious cause of action. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to restore the action to the trial calendar insofar as asserted against the defendant New York City Housing Authority. Altman, J.P., H. Miller, Krausman and Cozier, JJ., concur.