■ Florencia Estrera, Respondent, v Wyckoff Heights Medical Center, Defendant, and Antoine Jahshan et al., Appellants. [792 NYS2d 362]—In an action to recover damages for medical malpractice, the defendants Antoine Jahshan and P. Chandra separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 27, 2004, as denied their respective motions to dismiss the complaint insofar as asserted against them, with prejudice.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff.

This action was automatically dismissed pursuant to CPLR 3404 because it was not restored within one year of being marked off the calendar (*see* CPLR 3404). An automatic dismissal pursuant to CPLR 3404 is not with prejudice. The plaintiff can seek to restore the action to the calendar by demonstrating (1) a reasonable excuse for the failure to timely restore, (2) a meritorious cause of action, (3) a lack of intent to abandon the matter, and (4) a lack of prejudice to the opposing party (*see Castillo v City of New York,* 6 AD3d 568 [2004]; *Basetti*

*v Nour,* 287 AD2d 126, 131 [2001]; *Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 197 [2001]).

Based on the foregoing, there was no basis to dismiss the complaint with prejudice and the Supreme Court properly denied the respective motions of the defendants Antoine Jahshan and P. Chandra to dismiss the complaint insofar as asserted against them with prejudice. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.