■ MICHAEL KREPPEIN, Respondent, v LINDA KLEBAN MANAGEMENT et al., Appellants. [819 NYS2d 233]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered October 14, 2005, which, to the extent appealable, denied defendants' motion to vacate the default judgment, to renew their motion to interpose an answer, and to compel plaintiff to accept their late answer, unanimously reversed, on the law and the facts, without costs, defendants' motion granted and their answer dated June 6, 2005 deemed timely served, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered July 1, 2005, which granted plaintiff's motion pursuant to CPLR 3215 for a default judgment and denied defendants' cross motion to dismiss the complaint as untimely served, unanimously dismissed, without costs, in light of the foregoing disposition.

Given the policy favoring disposition of controversies on their merits, the default judgment entered against defendants should have been vacated upon their showing of a meritorious defense to this personal injury action (lack of prior notice, knowledge or complaints regarding the alleged hazard) and a reasonable excuse for their default. At the time of plaintiff's motion for entry of a default judgment, defendants cross-moved to dismiss, based upon their erroneous belief that the summons and complaint had not been timely served within 120 days of their filing. Only then did they learn that plaintiff had obtained an ex parte extension of time to serve his summons and complaint. That lack of knowledge, and defendants' understandable failure to serve an answer earlier in reliance on the parties' settlement discussions during the pendency of the cross motions, sufficiently excuse defendants' default. Concur—Andrias, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.