OPINION OF THE COURT
Per Curiam.
Order entered February 8, 2006 reversed, without costs, defendant Strella’s cross motion to dismiss is denied, and plaintiffs motion to restore the action to the trial calendar is granted.
This action was initially marked off the trial calendar in April 2002 and restored by the parties via “so-ordered” stipulation in September 2002. Plaintiff was unable to proceed to trial when the case was called on September 21, 2004 because her attorney was actually engaged at trial in another matter. At that time, the court denied plaintiffs request for an adjournment but permitted the action, once again, to be marked off calendar. It appears that this second markoff was on consent of all parties and with the understanding that restoral would be unopposed. Consistent with that understanding, plaintiff prepared a written stipulation to restore the action in or about February 2005, a stipulation which was signed without objection by counsel for defendant Free Lance Garage Doors. In June 2005, upon defendant Strella’s refusal to sign the stipulation, plaintiff formally moved to restore the action pursuant to CPLR 3404. Civil Court denied the motion, and granted a cross motion by defendant Strella to dismiss the action pursuant to the Rules of the New York City Civil Court (see 22 NYCRR 208.14 [d]). Plaintiff now appeals, and we reverse.
This case was trial ready in September 2004 when all parties appeared for the call of the calendar, and this notwithstanding plaintiffs counsel’s actual engagement in another case. So far as shown, plaintiffs counsel fully complied with the Rules of the Chief Administrator of the Courts (22 NYCRR part 125) in establishing his engagement elsewhere, and no reason appears *110 why the matter was not simply adjourned, instead of being marked off. In these circumstances, the moving defendant failed to demonstrate the applicability of 22 NYCRR 208.14 (d) (see Zapeo 1500 Inv., L.P. v 1500 Broadway Chili Co., Inc., 12 Misc 3d 127[A], 2006 NY Slip Op 50879[U] [App Term, 1st Dept 2006]). As a matter of fundamental fairness, and “[g]iven the policy favoring disposition of controversies on the merits” (Kreppein v Linda Kleban Mgt., 31 AD3d 275 [2006]), plaintiff should not be deprived of her day in court by reason of the improper invocation of the mark-off remedy by the calendar judge and respective counsel in response to plaintiffs attorney’s demonstrated showing of actual engagement. Further, even were the September 2004 mark-off order properly issued, plaintiff’s counsel’s showing of actual engagement was sufficient, on this record, to demonstrate “exceptional circumstances” so as to avoid the mandatory dismissal provisions of 22 NYCRR 208.14 (d) (cf. Molloy v D’Angelillo, 10 Misc 3d 141 [A], 2006 NY Slip Op 50064[U] [App Term, 1st Dept 2006]).
Finally, plaintiffs restoral motion, made within one year of the September 2004 mark-off order, should have been granted since plaintiff satisfactorily complied with the governing court rule (see 22 NYCRR 208.14 [c]) by explaining the reason that the action was marked off and stating that the action was presently ready for trial. Plaintiff was not required to submit an affidavit of merit, and this whether we apply the above-cited court rule or the provisions of CPLR 3404 (see Colonia Ins. Co. v S&A Stores, 272 AD2d 209 [2000]).
McKeon, P.J., and Davis, J., concur.