■ RHONDA LEWIS et al., Respondents, v ROBERT JUTKOWITZ et al., Defendants, and WILLIAM GAEL et al., Appellants. [25 NYS3d 307]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendants William Gael, Staten Island University Hospital, Lori Mitnick Weinberg, sued herein as "John Doe" Mitnick, and Charles Carlstrom, sued herein as "Richard Roe" Carlstrom, appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated June 21, 2011, as denied their cross motion pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against them as abandoned.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendants William Gael, Staten Island University Hospital, Lori Mitnick Weinberg, sued herein as "John Doe" Mitnick, and Charles Carlstrom, sued herein as "Richard Roe" Carlstrom, pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against them as abandoned is granted.

This case was marked off the trial calendar in January 2007, and no steps were taken to restore it to that calendar until March 2011. The appellants opposed the motion of the plaintiffs' decedent to restore and cross-moved pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against them as abandoned. The Supreme Court, inter alia, denied the cross motion. We reverse the order insofar as appealed from.

In support of their cross motion, the appellants demonstrated

that no action had been taken on this case for several years after it had already been automatically dismissed under CPLR 3404 for failure to prosecute. The plaintiffs' decedent failed to satisfy any of the four prerequisites necessary to successfully oppose the cross motion (*see Salatino v Pompa*, 134 AD3d 692 [2015]). Specifically, he failed to demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, and a lack of prejudice to the appellants, and he did not rebut the presumption of intent to abandon the action that resulted from the automatic dismissal under CPLR 3404 (*see id.*; *Fulton v Marathon Dental Servs., P.C.*, 100 AD3d 959, 959-960 [2012]; *cf. Estrera v Wyckoff Hgts. Med. Ctr.*, 17 AD3d 404, 404-405 [2005]). The plaintiffs' remaining contentions are without merit.

Accordingly, under the circumstances here, the Supreme Court should have granted the appellants' cross motion pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against them as abandoned. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.