■ ALAN ORNSTEIN et al., Respondents, v KENTUCKY FRIED CHICKEN OF GREAT NECK, INC., et al., Appellants.—In an action to recover damages for breach of contract, the defen-

dants appeal from an order of the Supreme Court, Nassau County (McGinity, J.), dated May 2, 1985, which granted the plaintiffs' motion to vacate an automatic dismissal entered pursuant to CPLR 3404, restored the matter to the Trial Calendar, and ordered all discovery completed within 45 days.

Order reversed, as a matter of discretion, with costs, and motion denied.

Restoration of a case to the Trial Calendar subsequent to an automatic dismissal pursuant to CPLR 3404 is a proper exercise of the court's discretion if the movant establishes the merit of the action, an excuse for the delay, lack of intent to deliberately default or abandon the action and a lack of prejudice to the nonmoving party (see, Marco v Sachs, 10 NY2d 542, rearg denied 11 NY2d 766; Zaldua v Metropolitan Suburban Bus Auth., 97 AD2d 842; Monacelli v Board of Educ., 92 AD2d 930). All of the components of the test must be satisfied in order for the order of dismissal to be properly vacated.

In the instant action, the plaintiffs did not establish an adequate excuse for the delay nor did they show that the defendants would not be prejudiced by the delay (see, CPLR 3404; Fluman v TSS Dept. Stores, 100 AD2d 838; O'Dell v Stornelli, 98 AD2d 957; Glatzer v Porsche Audi, 54 AD2d 575).

In fact, the defendants will suffer severe prejudice by having to defend this litigation after so long a delay. The claims upon which the instant action was based accrued in 1979. The action was commenced in February 1980, and was originally marked off the calendar on December 3, 1982. In the ensuing years, several witnesses and numerous documents necessary to the defense have become unavailable.

Under the circumstances, it is clear that the test for vacatur was not satisfied. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.