ANN PAGLIA, Respondent, v JUGAL K. AGRAWAL et al., Appellants.

Special Term improperly vacated the dismissal of the action, restored the case to the Trial Calendar and set a date certain for the parties to submit to examinations before trial. "It is well settled that once an action has been dismissed under CPLR 3404, a motion to open the default and restore the case to the calendar * * * require[s] proof of merit * * * lack of prejudice to the opposing party and * * * excusable neglect" (see, Fluman v TSS Dept. Stores, 100 AD2d 838).

The plaintiff failed to set forth a reasonable excuse for her 34-month delay in seeking to move to restore the case to the Trial Calendar. Moreover, she "failed to establish the legal merits of this action by an affidavit from a physician competent to attest to the meritorious nature of [her] claim" (see, Amodeo v Radler, 89 AD2d 594, 595, affd 59 NY2d 1001). The report allegedly from a physician, who is unidentified, and the plaintiff's affidavits were insufficient to establish that there is merit to this action concerning the alleged medical malpractice of the defendants (see, Wind v Cacho, 111 AD2d 808, 809, appeal dismissed 67 NY2d 871; Amodeo v Radler, supra, at p 595).

Accordingly, those branches of the plaintiff's motion which were to vacate the dismissal and restore the action to the Trial Calendar should have been denied. That branch of the plaintiff's motion which was to set a date certain for the parties to submit to examinations before trial should have been denied as moot. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.