■ ENEIDA RAMOS, Respondent, v LUC LAPOMMERAY, Appellant, et al., Defendant.—Order, Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered September 11, 1986, which denied the motion of defendant Dr. Luc Lapommeray (Dr. Lapommeray) to dismiss the complaint, on the ground that the plaintiff failed to serve and file a note of issue within 90 days, is unanimously reversed, on the law and on the facts, motion granted, and complaint dismissed, without costs.

In January 1983, Dr. Lapommeray performed surgery, in Montefiore Hospital and Medical Center (Hospital), upon Ms. Eneida Ramos (Ms. Ramos), for the purpose of relieving the pain in the second toe of her left foot.

After the completion of the operation, Ms. Ramos claimed that it had been negligently performed, since allegedly an excessive amount of bone had been removed from her toe and foot, which resulted in a shortening of the subject toe, a distortion in the appearance of both the toe and foot, and,

pain and discomfort. Therefore, on or about October 5, 1984, plaintiff Ms. Ramos (plaintiff) commenced an action for damages against defendants Dr. Lapommeray and Hospital. The complaint, in substance, alleges that defendants negligently treated the plaintiff, and, failed to inform her of the dangers of the treatment.

Subsequently, in January 1985, defendant Dr. Lapommeray served an answer upon plaintiff, together with a demand for a bill of particulars. It is undisputed that, during the following 14 months, the plaintiff neither responded to the demand for the bill of particulars, nor did she take any other steps to prosecute this matter. Then, on March 14, 1986, by certified mail, return receipt requested, defendant, Dr. Lapommeray, served plaintiff with a 90-day notice, pursuant to CPLR 3216 (b) (3). Since plaintiff failed to comply with the 90-day notice, defendant Dr. Lapommeray moved to dismiss the complaint, upon the basis of plaintiff's lack of prosecution, pursuant to CPLR 3216 (e). The plaintiff opposed. Special Term denied the motion.

CPLR 3216 (e), in substance, states that when a party does not comply with a 90-day notice "within such ninety day period, the court may * * * grant [a motion to dismiss] unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action."

We find that plaintiff has not offered a "justifiable excuse for the delay" (CPLR 3216 [e]), since the plaintiff's counsel admits, in an affirmation: (1) he has been less than diligent in the prosecution of this matter; and (2) "the 90 day notice was misfiled by the clerical personnel of [his] office and did not come to [his] attention within the period of the ninety days". Although CPLR 2005 states, in pertinent part, a court "shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay * * * resulting from law office failure", in the instant case the law office failure has been coupled with an insufficient affidavit of merits.

This is a medical malpractice action, and, in such an action, a unanimous Court of Appeals held in *Fiore v Galang* (64 NY2d 999, 1001 [1985]) that "expert medical opinion evidence is required to demonstrate merit". Our review of this record indicates that the plaintiff, who does not claim to be a medical expert, submitted her own purported affidavit of merits; and, therefore, we find that plaintiff has failed to submit any evidence from a medical expert. In view of our holding in *Pell*

*v Button* (44 AD2d 549 [1st Dept 1974], *appeal dismissed* 34 NY2d 936 [1974]) that "Absence of a proper affidavit of merit is a death blow to plaintiff's case", we find that Special Term erred in denying the motion to dismiss.

Accordingly, we reverse, grant the motion and dismiss the complaint. Concur—Sullivan, J. P., Ross, Rosenberger and Wallach, JJ.