■ CHARLES U. MALPASS et al., Respondents, v MAVIS TIRE SUPPLY CORPORATION et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendants Mavis Tire Supply Corporation and Marvin G. French, Jr., appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered November 12, 1987, which denied their motion to dismiss the action as against them on the ground of the plaintiffs' failure to timely move to restore their case to the Trial Calendar and granted the plaintiffs' cross motion to restore the action to the Trial Calendar.

Ordered that the order is affirmed, with costs.

Under CPLR 3404, an action stricken from the calendar and not restored within one year thereafter is deemed abandoned and is automatically dismissed for failure to prosecute *(see, Curtin v Grand Union Co.,* 124 AD2d 918; *3 Park Ave. Co. v New York City Educ. Constr. Fund,* 109 AD2d 656, *appeal dismissed* 65 NY2d 785). After expiration of the one-year period, the court has the discretionary power to restore the case to the Trial Calendar if the movant establishes the merits of his cause of action, a reasonable excuse for the delay, lack of intent to deliberately default or abandon the action and a lack of prejudice to the nonmoving party if the case is reopened *(see, Tucker v Hotel Employees & Rest. Employees Union,* 134 AD2d 494; *Ornstein v Kentucky Fried Chicken,* 121 AD2d 610).

We find that the plaintiffs succeeded in sustaining their burden. The cross motion to restore the case to the Trial

Calendar, which we deem a motion both to vacate the automatic dismissal and to restore the case to the Trial Calendar (see, Merrill v Robinson, 99 AD2d 578), was made on or about October 1, 1987, a delay of nearly 17 months from the time the case was marked off the calendar and over four years after the action was commenced. On March 27, 1987, an order was entered relieving the plaintiffs' then counsel and staying for 30 days all proceedings in the action. Although the order with notice of entry was served upon the appellants, there is no evidence that the plaintiffs received a copy of it. The plaintiffs deny knowing that the case had been marked off the calendar at the request of their then attorneys. Upon being served with the notice of motion to dismiss and learning of their counsel's withdrawal, the plaintiffs obtained their prior attorney's file and secured new counsel. The cross motion to restore the case to the Trial Calendar was made promptly thereafter. Since the plaintiffs had a right to rely on the efforts of prior counsel and have demonstrated that they had no notice of counsel's withdrawal until the motion to dismiss was served, a sufficient excuse for the minimal delay was established. Moreover, the plaintiffs' prompt efforts to obtain new counsel thereafter and to have the action restored to the Trial Calendar evidences a lack of intent to abandon the case.

With respect to the merits of the action, the affidavits of the plaintiffs and their new counsel and the supporting documentation including the police report indicate that the plaintiff Charles U. Malpass was injured when he was struck by a motor vehicle being backed out of a garage by an employee of the defendant Mavis Tire Supply Corporation. The medical reports annexed to the plaintiffs' papers indicate that the injured plaintiff sustained a head injury due to the impact, resulting in a concussion and amnesia. We find that the affidavits and supporting documentation were sufficient to demonstrate a viable cause of action.

Finally, nothing in the record indicates that the appellants have been prejudiced by the plaintiffs' delay in seeking to have the action restored to the Trial Calendar. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.