■ Anatoli Nepomniaschi et al., Respondents, v Allen J. Goldstein, Appellant, et al., Defendants.—In an action to recover damages for medical malpractice, etc., the defendant Allen J. Goldstein appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated June 28, 1990, which granted the plaintiffs' motion to restore the action, which had been dismissed pursuant to CPLR 3404, to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Under CPLR 3404, a case stricken from the trial calendar and not restored within a year thereafter is deemed abandoned and automatically dismissed for neglect to prosecute. The instant case was marked off the trial calendar on October 22, 1987, and the plaintiffs' motion to restore the case to the calendar was made in April 1990 approximately two and one-half years later. Therefore, in order to succeed on their motion, the plaintiffs were required to show that they possessed a meritorious cause of action, that the defendant would not be prejudiced by restoration of the case to the trial calendar, that they had an acceptable excuse for the delay, and that they did not intend to deliberately default or abandon the action (see, Tucker v Hotel Employees & Rest. Employees Union, 134 AD2d 494; Paglia v Agrawal, 124 AD2d 793; Ornstein v Kentucky Fried Chicken, 121 AD2d 610).

In a medical malpractice case such as this, a motion to vacate requires the submission of a sworn statement by a

physician or other medical expert to establish the merits of the action *(Fiore v Galang,* 64 NY2d 999). The medical affidavit submitted by the physician of the plaintiff Anatoli Nepomniaschi merely states that upon review of the medical records, he was of the opinion, to a reasonable degree of medical certainty, that there was a deviation from accepted medical practice. Such a statement, which does not make specific observations as to the procedures or treatments performed or the alleged improprieties therein, is insufficient to establish merit *(see, Wulster v Rubinstein,* 126 AD2d 545; *Friedberg v Bay Ridge Orthopedic Assocs.,* 122 AD2d 194).

Additionally, the affidavit submitted by Anatoli Nepomniaschi, who is not a physician or a medical expert, is of no value herein *(see, Hammer v Hochberg,* 128 AD2d 834, 836; *Paglia v Agrawal, supra).* Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.