■ JEAN KNIGHT et al., Appellants, v CITY OF NEW YORK et
al., Respondents. [597 NYS2d 737] —In an action to recover
damages for personal injuries, etc., the plaintiffs appeal (1)
from an order of the Supreme Court, Kings County (Hutcher-

son, J.), dated December 4, 1990, which denied their motion to vacate the dismissal of their action pursuant to CPLR 3404, and (2) as limited by their brief, from so much of an order of the same court, entered April 25, 1991, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated December 4, 1990, is dismissed, as that order was superseded by the order entered April 25, 1991, made upon reargument; and it is further,

Ordered that the order entered April 25, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The infant plaintiff was struck and injured by a police patrol car driven by the defendant police officer on September 29, 1973. The plaintiffs' negligence action, commenced in 1974, was marked off the calendar because of counsel's failure to appear at a status conference on March 11, 1988. When counsel failed to move to reinstate the action, it was automatically dismissed pursuant to CPLR 3404 on March 11, 1989. The plaintiffs moved to vacate the dismissal and to restore the case to the calendar by notice of motion dated August 24, 1990.

A court, in a proper exercise of discretion, may grant a motion to vacate a dismissal pursuant to CPLR 3404, provided that the plaintiff carries his affirmative burden of establishing that: (1) he has a meritorious cause of action, (2) there was a reasonable excuse for the delay, (3) there was a lack of intent to abandon the action, and (4) there is no prejudice to the defendant *(see, Malpuss v Mavis Tire Supply Corp.,* 143 AD2d 890). *"All* of the [four] components of the test *must* be satisfied in order for the order of dismissal to be properly vacated" *(Ornstein v Kentucky Fried Chicken,* 121 AD2d 610, 611 [emphasis supplied]).

Here, the Supreme Court properly found, the defendants would be unduly prejudiced by being forced to defend an action based on an event that occurred in 1973. The plaintiffs have utterly failed to carry their burden to affirmatively demonstrate that the defendants have not been prejudiced by the passage of time, where, as here, nearly 20 years have elapsed since the accident *(see, Escobar v Deepdale Gen. Hosp.,* 172 AD2d 486; *Gray v Sandoz Pharms.,* 158 AD2d 583; *Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720; *Ornstein v Kentucky Fried Chicken, supra).*

We further note that there was no activity in the case

during the year prior to dismissal *(see, Sheehan v Hollywood,* 112 AD2d 211), and that well over a year elapsed between dismissal and the plaintiffs' motion to restore, all evidencing an intent to abandon the action *(see, e.g., Tucker v Hotel Empls. & Rest. Empls. Union,* 134 AD2d 494; *Monahan v Fiore,* 71 AD2d 914). An affidavit from the plaintiffs' attorney's treating physician, documenting that the attorney suffered from "episodic periods of depression" for several years following deaths in his family did not establish reasonable excuse for the default, since there was no showing that counsel's disability was continuous throughout the entire period in question *(see, Hargett v Health & Hosps. Corp.,* 88 AD2d 633; *cf., Norowitz v Ponconco, Inc.,* 96 AD2d 581). Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.