■ HERBERT A. DUBLAR et al., Respondents, v DEBORAH R. MILLER et al., Appellants, et al., Defendants. [601 NYS2d 848] —In an action to recover damages for personal injuries, etc., the defendants Deborah R. Miller and Herbert Miller, the Town of Brookhaven, the Town of Brookhaven Highway Department, New York Telephone Company, and Long Island Lighting Company appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 31, 1990, which denied their motions to dismiss the complaint under CPLR 3404 and granted the plaintiffs 30 days to move to restore this action to the calendar.

Ordered that the order is reversed, on the law, without costs or disbursements, the appellants' motions are granted, and the complaint is dismissed in its entirety.

Under CPLR 3404, a case stricken from the trial calendar and not restored within a year thereafter is deemed abandoned and automatically dismissed for failure to prosecute. The instant case was marked off the trial calendar on April 10, 1989, and the plaintiffs did not ask that it be restored until after motions to dismiss pursuant to CPLR 3404 were made, after the one-year period had expired.

Therefore, in order to have the case restored to the calendar, the plaintiffs were required to show that they possessed a meritorious cause of action, that the appellants would not be prejudiced by restoration of the case to the trial calendar, that they had an acceptable excuse for the delay, and that they had not intended to deliberately default or abandon the action *(see, Nepomniaschi v Goldstein,* 182 AD2d 743; *Tucker v Hotel Empl. & Rest. Empl. Union,* 134 AD2d 494; *Paglia v Agrawal,* 124 AD2d 793; *Ornstein v Kentucky Fried Chicken,* 121 AD2d 610).

Since the plaintiffs failed to meet any of these requirements, the court should have granted the motions to dismiss without condition *(see, Hatcher v Cassanova,* 180 AD2d 664; *Moye v City of New York,* 168 AD2d 342; *Parillo v Blatt,* 160 AD2d 853). Thompson, J. P., Balletta, and Rosenblatt, JJ., concur.

Eiber, J., dissents and votes to affirm the order appealed

from, with the following memorandum: Although CPLR 3404 provides that a case stricken from the calendar and not restored within one year thereafter shall be deemed abandoned, the court nevertheless retains discretion to grant a motion to restore the case to the calendar after the year has expired (see, Tucker v Hotel Empl. & Rest. Empl. Union, 134 AD2d 494; Rodriguez v Middle Atl. Auto Leasing, 122 AD2d 720, 721). In my view, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs leave to move to restore this action to the calendar after it had been marked off the calendar for approximately 14 months.