■ Daniel Roberts et al., Respondents, v Town of Hempstead, Appellant. [614 NYS2d 569] —In an action to recover damages arising out of the defendant's alleged refusal to obey a judgment of the Supreme Court, Nassau County (Derounian, J.), entered March 29, 1972, which declared the Zoning Ordinance of the Town of Hempstead unconstitutional and void as applied to the plaintiffs' real property, the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered May 12, 1992, which granted the plaintiffs' application to vacate a dismissal of the action pursuant to CPLR 3404.

Ordered that the order is affirmed, with costs.

In April 1988 the plaintiffs commenced this action, *inter alia,* to recover damages for abandonment of their property by 22 tenants allegedly caused by the defendant Town of Hempstead, which continued to enforce the residential zoning of the plaintiffs' commercial real property for 16 years after the zoning was declared unconstitutional in 1972, and harassed the plaintiffs' tenants, *inter alia,* with summonses, and the denial of sign permits. The defendant served the plaintiffs with a demand for a bill of particulars in June 1988 which, *inter alia,* demanded that the plaintiffs identify tenants who allegedly had abandoned the property over that 16-year period

because of the defendant's actions. The plaintiffs served a response dated December 1, 1988, and two weeks later, filed a note of issue. The defendant moved to strike the note of issue by notice of motion dated December 29, 1988. The court struck the note of issue by order dated March 13, 1989. In September 1989 a conference was held, at which time the parties were directed to complete discovery by June 1990. Thereafter, except for a number of adjournments, there was no activity in this case until October 1991 when new attorneys took over the plaintiffs' case. The new attorneys served a supplemental bill of particulars dated November 18, 1991. A conference was held on November 20, 1991, at which time the defendant contended that the case had been automatically dismissed on March 13, 1990, one year after the striking of the note of issue, pursuant to CPLR 3404. The plaintiffs moved to vacate the dismissal in January 1992, and in the order appealed from, the court granted the plaintiffs' motion. We now affirm.

"Under CPLR 3404, a case stricken from the trial calendar and not restored within a year thereafter is deemed abandoned and automatically dismissed for neglect to prosecute" *(Nepomniaschi v Goldstein,* 182 AD2d 743). A court, in a proper exercise of discretion, may grant a motion to vacate a dismissal, provided that the plaintiff carries his affirmative burden of establishing that (1) he or she has a meritorious cause of action, (2) there was reasonable cause for the delay, (3) there was a lack of intent to abandon the action, and (4) there is no prejudice to the defendant *(see, Knight v City of New York,* 193 AD2d 720; *Malpass v Mavis Tire Supply Corp.,* 143 AD2d 890). All of the components of the test must be satisfied for the dismissal to be properly vacated *(see, Knight v City of New York, supra,* at 720; *Ornstein v Kentucky Fried Chicken,* 121 AD2d 610).

Upon our examination of the record, we find that there was sufficient acquiescence and participation by the respondent to warrant the exercise of discretion by the Supreme Court in restoring this action to the calendar *(see, Knight v City of New York,* 193 AD2d 720, *supra; Kassover v Diamonds Run,* 193 AD2d 515; *Malpass v Mavis Tire Supply Corp.,* 143 AD2d 890, *supra).* Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.