■ MARY C. INNVAR, as Executrix of ARNE INNVAR, Deceased, et al., Appellants, v LIVIU SCHAPIRA et al., Respondents. [617 NYS2d 891] —In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), entered February 25, 1993, which denied her motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this wrongful death action in 1984, alleging that her husband's death had resulted from the defendants' failure to diagnose and treat his coronary artery disease. The case was marked off the trial calendar on March 12, 1990, and the parties were to stipulate to its restoration when a pending appeal was decided. The appeal was decided by this Court in October 1990 *(see, Innvar v Schapira,* 166 AD2d 632), and the plaintiff was served with a copy of this Court's decision and order in November 1990. She made no effort to restore the case to the trial calendar at that time. In fact, there was no activity in the case for an additional 16 months, during which time the plaintiff's file was transferred to new counsel. The action was automatically dismissed pursuant to CPLR 3404 on March 13, 1991. Counsel for the plaintiff finally attempted to obtain a stipulation restoring the case to the trial calendar from the defendants in March 1992 and subsequently wrote two letters to the court requesting a conference, but counsel did not move to restore the action to the trial calendar until December 1992.

The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion. A party seeking to restore a case to the trial calendar after it has been automatically dismissed pursuant to CPLR 3404 must demonstrate a reasonable excuse for the delay, the existence of a meritorious cause of action, an absence of intent to abandon the case, and lack of prejudice to the nonmoving party *(see, Hewitt v Booth Mem. Med. Ctr.,* 178 AD2d 401; *Ornstein v Kentucky Fried Chicken,* 121 AD2d 610). The plaintiff failed to meet her burden. She did not establish an adequate excuse for the extensive delay in moving to restore the action to the trial calendar. Further, as the Supreme Court found, her medical

expert's affidavit was insufficient to establish that the defendants' alleged departures from accepted medical practice were a proximate cause of the decedent's death *(see, Treinis v Deepdale Gen. Hosp.,* 173 AD2d 605, 607). Consequently, the plaintiff did not sufficiently demonstrate the merits of her claim. O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.