■ ELAINE CARABELLO, Respondent, v MARK SALKOWITZ, Appellant, et al., Defendant. [621 NYS2d 878] —In an action to recover damages for dental malpractice, the defendant Mark Salkowitz appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated February 19, 1993, as granted the plaintiff's motion to vacate a stipulation of settlement and to restore the action to the trial calendar and denied the branch of his cross motion which was to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is denied, the branch of the defendant Mark Salkowitz's cross motion which is to dismiss the complaint insofar as it is asserted against him is granted, and the complaint is dismissed insofar as it is asserted against Mark Salkowitz.

Pursuant to CPLR 3404, a case that is stricken from the trial calendar and not restored thereto within a year is deemed abandoned and automatically dismissed for failure to prosecute. The present case was stricken from the trial calendar on November 21, 1980, and the plaintiff did not seek to have it restored thereto until eight years later.

In order to have her case restored to the trial calendar, the plaintiff was required to show that she possessed a meritorious cause of action, that the defendant would not be prejudiced by the restoration of the case to the trial calendar, that she had an acceptable excuse for the delay, and that she had not intended to deliberately default or abandon the action *(see, Nepomniaschi v Goldstein,* 182 AD2d 743; *Tucker v Hotel Empls. & Rest. Empls. Union,* 134 AD2d 494; *Paglia v Agra-*

*wal,* 124 AD2d 793; *Ornstein v Kentucky Fried Chicken,* 121 AD2d 610). Since the plaintiff failed to meet any of these requirements, the Supreme Court erred in restoring her case to the trial calendar and in denying the defendant's cross motion to dismiss the complaint *(see, Kopilas v Peterson,* 206 AD2d 460; *Robinson v New York City Tr. Auth.,* 203 AD2d 351; *Krantz v Scholtz,* 201 AD2d 784).

The parties' remaining contentions are either without merit or academic in light of the foregoing disposition. Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.