■ Public Service Mutual Insurance Co., Respondent, v Norma Zucker, Appellant, et al., Defendant. [639 NYS2d 5]

In May 1994, a year after joinder of issue on an amended set of pleadings, defendant Zucker served upon plaintiff a demand for resumption of this negligence action, calling for service and filing of a note of issue within 90 days, on pain of dismissal (CPLR 3216 [b] [3]). When plaintiff failed to react within the 90 days, Zucker moved for dismissal,* at which point plaintiff's counsel submitted an affirmation acknowledging that Zucker's

---

* Zucker's notice of motion was dated 92 days after plaintiff's attorney's receipt of the demand. The use of certified mail, return receipt requested, in

demand had been timely received but mislaid, causing the demand period to lapse without action. Citing prejudice to plaintiff from dismissal of what would now be a stale claim, counsel pointed to the complaint as evidence that plaintiff had a meritorious cause of action.

Where a party ignores a 90-day demand, the court may grant a motion to dismiss "on terms" (CPLR 3216 [a]), "unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action" (3216 [e]). Noting merit to the action and excuse for the delay, *inter alia*, the court denied the motion on condition that plaintiff file a note of issue within an additional 45 days, and that plaintiff's counsel pay $300 to Zucker's counsel for the inconvenience. Zucker appeals.

Even though "law office failure" may now be an acceptable excuse for failure to file a note of issue pursuant to a CPLR 3216 motion (*Miskiewicz v Hartley Rest. Corp.*, 58 NY2d 963), the party seeking to avoid dismissal must still demonstrate a meritorious cause of action by an affidavit from someone with personal knowledge of the facts (*Mosberg v Elahi*, 80 NY2d 941; *Vernon v Nassau County Med. Ctr.*, 102 AD2d 852). Indeed, we have held that failure to offer a proper affidavit of merit on such a motion may even deprive the court of discretion to overlook instances of law office failure which contributed to the delay (*Ramos v Lapommeray*, 135 AD2d 439, 440). Counsel's affirmation, merely incorporating the complaint by reference, is insufficient as a demonstration of merit to the claim (*see, Aquilino v Adirondack Tr. Lines*, 97 AD2d 929). The motion should have been granted unconditionally.

Zucker's failure to raise this point before the motion court does not prevent its consideration by this court on appeal, since the issue is purely one of law (*see, Matter of Travelers Indem. Co. [Levy]*, 195 AD2d 35). Concur—Sullivan, J. P., Wallach, Kupferman and Mazzarelli, JJ.

Rubin, J., concurs in a separate memorandum as follows: Defendant's motion to dismiss the complaint for want of prosecution was not, as plaintiff contends, premature. Defendant served a 90-day notice pursuant to CPLR 3216 (b) (3) by delivering it to a postal facility for delivery by certified mail, return receipt requested. The mailing receipt is stamped May 10, 1994, and the return receipt indicates that notice was received by counsel for plaintiff on May 12. On August 12, the 92nd day after the return receipt was signed, defendant served plaintiff

the service of the demand, negated the requirement to add extra days for mailing (CPLR 2103 [b] [2]), instead fixing the time of *actual delivery* as of the date on the signed receipt (*see, Monarch Ins. Co. v Pollack*, 32 AD2d 819).

with the motion to dismiss for failure to prosecute (CPLR 3216 [a]).

Service of papers is generally governed by CPLR 2103, which provides that "service by mail shall be complete upon mailing; where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period" (CPLR 2103 [b] [2]). The statute in question, however, requires that the moving party serve, by registered or certified mail, a written demand that his adversary "serve and file a note of issue within ninety days *after receipt* of such demand" and provides that failure to comply "within said ninety day period" affords a basis for dismissal of the complaint as against the movant (CPLR 3216 [b] [3] [emphasis added]). While it does not specify that the movant obtain a return receipt, where proof of the date on which service was received is contained in the record, the plain language of the statute indicates that the prescribed period is calculated from "receipt" of the demand (CPLR 3216 [b] [3]) rather than "measured from the service of a paper" (CPLR 2103 [b] [2]; *see, Monarch Ins. Co. v Pollack,* 32 AD2d 819). Therefore, under the facts of this case, the provision contained in CPLR 2103 (b) (2) that five days shall be added to the prescribed period is not implicated.

The record conclusively establishes that the requisite notice was received on May 12, 1994. The prescribed 90-day period expired on August 10, and the motion to dismiss was properly served on August 12, the 92nd day after receipt of the demand to file a note of issue.