In an action, inter alia, for injunctive relief and to recover damages for the alleged breach of an employment contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 25, 1995, which denied its motion to vacate a prior order of the same court, dated August 29, 1994, which held that the complaint had been automatically dismissed pursuant to CPLR 3404.
Ordered that the order is affirmed, with costs.
A party seeking to restore a matter to the trial calendar after it has been dismissed pursuant to CPLR 3404 must show the existence of a meritorious cause of action, a reasonable excuse for the delay, an intent not to abandon the matter, and lack of prejudice to the opposing party (see, Bohlman v Lorenzen, 208 AD2d 582; Innvar v Shapira, 208 AD2d 903). Here, the plaintiff failed, among other things, to rebut the presumption of abandonment which attaches when a matter is dismissed pursuant to CPLR 3404 or to proffer a reasonable excuse for the delay. Accordingly, the trial court did not improvidently exercise its discretion in denying the plaintiff’s motion to vacate the dismissal of the action pursuant to CPLR 3404 and restore the matter to the trial calendar (see, Marco v Sachs, 10 NY2d 542; Haber v City of New York, 227 AD2d 378; Roberts v Town of Hempstead, 206 AD2d 466; Civello v Grossman, 192 AD2d 636). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.