█ Micah Fishman, an Infant, by His Father and Natural Guardian, Edward Fishman, et al., Appellants, v City of New York et al., Respondents. [679 NYS2d 908] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), entered November 26, 1997, which denied their motion, *inter alia,* to restore the action to the calendar.

Ordered that the order is affirmed, with costs.

A party seeking to restore a matter to the trial calendar after it has been dismissed pursuant to CPLR 3404 must show the existence of a meritorious cause of action, a reasonable excuse for the delay, an intent not to abandon the matter, and lack of prejudice to the opposing party (*see, Carco Group v Murphy,* 233 AD2d 415; *Bohlman v Lorenzen,* 208 AD2d 582; *Innvar v Schapira,* 208 AD2d 903). All four requirements must be met to vacate a dismissal pursuant to CPLR 3404 (*see, Ornstein v Kentucky Fried Chicken,* 121 AD2d 610). The plaintiffs have failed to satisfy the standard in this case.

We decline to reach the plaintiffs' claim regarding the tolling provision for infancy set forth in CPLR 208, as it is being raised for the first time on appeal (*see, Murray v Palmer,* 229 AD2d 377; *Shelton v Shelton,* 151 AD2d 659). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.