■ CIPRIANA LUNDY, Appellant, v LEVI D. TIMM et al., Respondents. [695 NYS2d 418] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated November 4, 1998, which denied her motion to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

In order to restore her case to the trial calendar, the appellant was required to establish "[a]ll of the components" of a four-part test which required proof not only of lack of intent to abandon the action but also proof of the merits of the action, lack of prejudice to the nonmoving party, and a reasonable excuse for the delay (*Ornstein v Kentucky Fried Chicken,* 121 AD2d 610, 611; *see also, Ford v Empire Med. Group,* 123 AD2d 820). To establish the merits of her cause of action, the infant plaintiff submitted her own affidavit, stating that she recalled that when she was two years old, she fell into a bathtub containing water that was "incredibly hot", and sustained severe burns. This affidavit, on its face, was insufficient. The affidavit did not state how the defendants' negligence constituted a proximate cause of the accident. Therefore, the appellant failed to submit sufficient proof of merit to justify restoring her action to the trial calendar (*see, Ornstein v Kentucky Fried Chicken, supra,* at 611). Mangano, P. J., O'Brien, Sullivan and Goldstein, JJ., concur.