■ ELIZABETH JACKSON, Individually and as Administratrix of the Estate of JAMES JACKSON, Deceased, Appellant, v BRONX

LEBANON HOSPITAL CENTER, Respondent, et al., Defendants. [775 NYS2d 859]—

Order, Supreme Court, Bronx County (Albert J. Emanuelli, J.), entered March 19, 2003, which, to the extent appealable, denied renewal of a prior order denying plaintiff's motion to vacate dismissal of the action without prejudice, unanimously affirmed, without costs.

Having received a 90-day notice and stipulated, in 1998, to file a note of issue on the understanding that failure to do so would result in dismissal of the action, plaintiff neither filed the note nor moved in a timely fashion for an extension of time to comply. In 2001, Justice George Friedman denied plaintiff's motion to vacate the default, with leave to renew upon an affidavit of merit with a reasonable excuse, to be submitted "in admissible form."

The purported "affidavit" of David Berkowitz, an attorney who had handled the case for plaintiff's retained counsel, is the same document Justice Friedman rejected as insufficient on the original vacatur motion. For her "reasonable excuse," plaintiff this time pointed to Berkowitz's suspension from the practice of law, which actually took place 8½ months after the deadline for filing the note of issue. Plaintiff's failure to establish a meritorious claim in this medical malpractice action (*see Mosberg v Elahi*, 80 NY2d 941 [1992]) was not cured by submitting, for the first time in reply, her "physician's affirmation of merit" that still did not address with requisite specificity the issue of causation or the alleged departure from acceptable medical practice (*see Nepomniaschi v Goldstein*, 182 AD2d 743 [1992]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom J.P., Andrias, Sullivan, Ellerin and Williams, JJ.