Suarez, P.J.
(dissenting). I respectfully dissent. The issue on this appeal is whether plaintiff made a sufficient showing to permit restoration of her case to the trial calendar. I agree with the Civil Court that she did and would therefore affirm the order and permit plaintiff to have her day in court.
Contrary to the position advanced by the majority, the redacted affirmation of a board certified surgeon submitted by plaintiff is sufficient to establish possible merit to plaintiff’s
*64 claim. (See Palermo v Lord & Taylor, 287 AD2d 258, 260 [1st Dept 2001] [motion to restore only requires a minimal showing of the potential merit of the cause of action], citing Enax v New York Tel. Co., 280 AD2d 294, 295 [1st Dept 2001].) Obviously, the surgeon was not present when the malpractice occurred and cannot give the type of detailed allegations which surgeons who performed or witnessed the operation would be in a position to give. However, the surgeon states that the departures from good and accepted medical practice include, inter alia,
“the failure to properly repair all abdominal hernias in the form of two very large, supra umbilical mid-line ventral hernias and one umbilical hernia was the proximate cause of the plaintiff suffering abdominal wall prolapse, persistent ventral hernia in epigastrium, and the necessity for further surgical intervention, causing abdominal scarring and injuries that are permanent in nature”
that is sufficiently specific and detailed to establish possible merit. The majority’s reliance on Jackson v Bronx Lebanon Hosp. Ctr. (7 AD3d 356 [1st Dept 2004] [physician’s affirmation submitted in reply which did not address with requisite specificity the issue of causation or the alleged departure from acceptable medical practice]); Nepomniaschi v Goldstein (182 AD2d 743, 744 [2d Dept 1992] [statement “that there was a deviation from accepted medical practice” insufficient]); Barton v Jablon (181 AD2d 755 [2d Dept 1992] [conclusory recitation of malpractice and neither describes the injury which the plaintiff sustained nor outlines with any particularity the manner in which the alleged professional departures purportedly caused that injury]); and Bergan v Home for Incurables (124 AD2d 517 [1st Dept 1986] [physician’s affidavit of merit relies exclusively upon plaintiff’s medical records, and is conclusory in the extreme]) is misplaced, as each of those cases is distinguishable from the instant case, where a detailed affirmation with specific claims of departures is submitted.
Plaintiff has demonstrated a reasonable excuse for the failure to timely move to restore the case, namely, esophageal cancer of the attorney’s secretary who would follow the case and corresponding personnel changes in the law firm, hardly “a vaguely described species of law office failure” as characterized by the majority. (See Civello v Grossman, 192 AD2d 636 [2d Dept 1993] [illness of an attorney may constitute a reasonable excuse for a default], citing Chery v Anthony, 156 AD2d 414 [2d Dept 1989].) As this court held in Negron v New York City Hous. Auth. (2 *65 Misc 3d 138[A], 2004 NY Slip Op 50259[U], *3 [App Term 1st Dept 2004]),
“ ‘[w]hile counsel might be faulted for failing to keep track of the status of the case, such an oversight amounts to law office failure, which may be accepted as an excuse for delay’ (Muriel v. St. Barnabas Hosp., 3 AD3d 419 [1st Dept 2004]). ‘Counsel’s mistake should not inure to the detriment of his innocent client’ (Werner v. Tiffany & Co., 291 AD2d 305, 306 [1st Dept 2002]).”
The majority’s description of the history of this action as “plaintiff progressed no further than having her case marked ‘ON’ and ‘OFF’ several calendars” exaggerates the record. Initially, I note that not all of the delay in this matter is shown to be attributable to neglect, but rather, part of the delay is attributed to plaintiff’s medical condition, particularly, a stroke which she suffered in 1999.
Nor do I find, as does the majority, that defendants have adequately shown that their ability to defend the action has been impaired by the death or unavailability of witnesses. Plaintiff has refuted defendants’ assertion that the now deceased Dr. Gelernt is a named defendant. He merely was a member of the professional corporation, “Isadore Kreel, M.D., Irwin M. Gelernt, M.D., Joel J. Bauer, M.D., Barry A. Salky, M.D., PC.,” and is not shown to have been directly involved in the treatment or malpractice at issue in this lawsuit. Plaintiff has also refuted defendants’ assertion that the resident who assisted in the subject surgery cannot be located. Defendants have not demonstrated sufficient prejudice from the alleged “faded memory” of Dr. Isadore Kreel (who is not shown by admissible evidence to have had a memory of the incident described in the medical record when the action was marked off the calendar) and the statement of defendants’ attorney that there are other “prior and subsequent treating physicians who will likely experience a similar memory defect” is sheer speculation. The record is devoid of evidence, such as affidavits from those individuals, to support the claim that their memories have faded to such a degree that respondent’s ability to maintain a defense has been unduly undermined. (See Welch v Board of Educ. of Saratoga Cent. School Dist., 287 AD2d 761, 764 [3d Dept 2001].)
*66 The motion to restore was properly granted, and the order of Civil Court should be affirmed.
McCooe and Gangel-Jacob, JJ., concur; Suarez, EJ., dissents in a separate memorandum.