■ RUTH DELORES SMITH, as Administratrix of the Estate of DORIS H. JACKSON, Deceased, Respondent, v MONTEFIORE MEDICAL CENTER et al., Defendant. [874 NYS2d 127]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered September 18, 2007, which denied so much of defendants-appellants' motion to dismiss the complaint for lack of prosecution, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

This action for wrongful death, medical malpractice and medical negligence was commenced in 2000. In October 2004, defendants served a 90-day notice (CPLR 3216 [b] [3]) demanding that plaintiff resume prosecution, complete discovery and file a note of issue. Plaintiff acknowledges "technically" having failed to respond to this notice and instead serving discovery demands upon defendants in July 2005, thereafter attempting to commence settlement negotiations. Defendants served their motion to dismiss in August 2007.

CPLR 3216 (e) permits a court to dismiss an action for want of prosecution after the defendants have served the plaintiff with an unheeded 90-day notice, absent a showing of justifiable excuse for the delay and a good and meritorious cause of action. Since the notice was properly served and plaintiff never explained her delay or demonstrated merit in the form of a detailed affidavit from a medical expert, the court's refusal to dismiss was an improvident exercise of discretion (*see Mosberg v Elahi*, 80 NY2d 941 [1992]; *Ramos v Lapommeray*, 135 AD2d 439 [1987]). The certificate of merit filed by plaintiff's counsel in October 2000 was not a valid substitute for a medical expert's affidavit (*see Jackson v Bronx Lebanon Hosp. Ctr.*, 7 AD3d 356 [2004]). Concur—Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ.