## McLoughlin v New York Eye Specialists

2024 NY Slip Op 31033(U)

March 27, 2024

Supreme Court, New York County

Docket Number: Index No. 805001/2022

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**

*Justice*

-----------------------------------------------------------------------------X

MERCEDES MCLOUGHLIN,

Plaintiff,

- v -

NEW YORK EYE SPECIALISTS and KEN MOADEL, M.D.,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 56M |
| INDEX NO. | 805001/2022 |
| MOTION DATE | 03/06/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62

were read on this motion to/for                              DISMISSAL/CPLR 3216                              .

In this action to recover damages for medical malpractice, the defendants move pursuant to CPLR 3216 to dismiss the complaint for the plaintiff's failure to prosecute the action, based on her failure to comply with a 90-day notice that the defendants had served upon her. The plaintiff does not oppose the motion. The motion is granted, and the complaint is dismissed.

CPLR 3216(a) provides that

> "[w]here a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, . . . upon motion, with notice to the parties, may dismiss the party's pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits."

To secure a dismissal pursuant to CPLR 3216, issue must have been joined, and either one year must have elapsed since the joinder of issue, or six months must have elapsed since the issuance of any preliminary court conference order, whichever is later (*see* CPLR 3216[b]). In addition, the defendant must have served a written demand upon the plaintiff by registered or certified mail, directing the plaintiff to resume prosecution of the action and to serve and file a

[* 1]

note of issue within 90 days after receipt of such demand (*see id*.).  The demand also must give notice to the plaintiff that a default in complying with such demand within that 90-day period will serve as a basis for a motion dismissing the complaint as against that defendant for unreasonable neglect to proceed (*see id*.).  In the event that the plaintiff fails to serve and file a note of issue within such 90-day period, the court may grant a motion by the party seeking dismissal, unless the plaintiff shows justifiable excuse for the delay and a good and meritorious cause of action (*see* CPLR 3216[e]).

Here, issue was joined by the defendants when they served an answer on July 8, 2022.  More than one year has passed since the joinder of issue.  In addition, this court issued a preliminary conference order on August 12, 2022, and more than six months have elapsed since that date.  In the preliminary conference order, the court set deadlines for completing numerous items of discovery.  The order also directed the plaintiff thereafter to consult with the defendants, agree on the terms of a proposed compliance conference order, and submit a proposed compliance conference order to the court on December 2, 2022, unless the parties could not agree upon such terms, in which case the court directed them to request a compliance conference.  That order also fixed April 28, 2023 as the deadline for filing the note of issue.

The plaintiff never submitted a proposed compliance conference order, and the parties did not request either a remote or in-person compliance conference with the court.  No discovery was thereafter conducted and, instead, the plaintiff's attorney moved for leave to withdraw as counsel, asserting that "significant, irreparable impediments to continuing to represent the Plaintiff have arisen."  In an order dated February 3, 2023, the court denied that motion on the ground that the plaintiff's attorney had failed to serve the plaintiff with the order to show cause initiating that motion or any of the motion papers.  In any event, the plaintiff failed to serve and file the note of issue by April 28, 2023, and failed to seek leave of this court to extend her deadline for filing the note of issue at any time thereafter.

On May 18, 2023, the defendants served the upon the plaintiff's counsel, by certified mail, return receipt requested, a written demand directing the plaintiff to resume prosecution of the action and to file a note of issue within 90 days after receipt of such demand. The demand also notified the plaintiff that her failure to resume prosecution would serve as a basis for a motion to dismiss the complaint. Where proof of the date of a plaintiff's receipt is included in the record, the 90-day period must be measured from a plaintiff's "receipt of such demand" (CPLR 3216[b]; *Public Serv. Mut. Ins. Co. v Zucker*, 225 AD2d 308, 310 [1st Dept 1996]). The defendants, however, have not submitted copies of the dated and postmarked green return receipt card to establish the plaintiff's counsel's actual date of receipt. Rather, they have submitted an affidavit attesting to service of the 90-day notice upon the plaintiffs' attorney via certified mail, return receipt requested. Where service of non-initiatory papers is made upon a party who is represented by counsel, as is the plaintiff here, service may be effectuated by a mailing to counsel's address (*see* CPLR 2103[b]). Where such mailing is employed, and a period of time prescribed by law is measured by service of the papers, five days shall be added to the prescribed period of time to account for the delay between mailing and actual receipt (*see* CPLR 2103[b][2]). The court thus deems the plaintiff's counsel to have received the 90-day notice on May 23, 2023. The plaintiffs thus had until August 21, 2023 to file the note of issue or request an extension of time within which to do so. Between May 23, 2023 and December 1, 2023, when the defendants made the instant motion (*see* CPLR 2211), the plaintiff neither responded to the 90-day demand, filed a note of issue, nor resumed prosecution of the action. Nor did she request or move for an extension of time, during that more than six-month period, within which to serve and file the note of issue.

CPLR 3216(e) provides that

> "[i]n the event that the party upon whom is served the demand specified in subdivision (b)(3) of this rule fails to serve and file a note of issue within such ninety day period, the court may take such initiative or grant such motion unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action."

**805001/2022   MCLOUGHLIN, MERCEDES vs. NEW YORK EYE SPECIALISTS AND ET AL**          **Page 3 of 6**
**Motion No.  003**

[* 3]

CPLR 2004 provides that

"[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed."

Where, as here, a plaintiff has been served with a 90-day demand pursuant to CPLR 3216(b)(3), he or she must comply with the demand by filing a note of issue "or by moving, before the default date, either to vacate the demand or [pursuant to CPLR 2004] to extend the 90-day period" (*Angamarca v 47-51 Bridge St. Prop., LLC*, 167 AD3d 559, 559 [2d Dept 2018]; *see Deutsche Bank Natl. Trust Co. v Inga*, 156 AD3d 760, 760-761 [2d Dept 2017]). After receiving the 90-day notice, and prior to the August 22, 2023 default date, the plaintiff did not move to vacate the demand or seek to extend her time for filing the note of issue, and she did not make any such applications at any time thereafter.

Inasmuch as the plaintiff failed timely to make a motion to vacate the 90-day notice, she became obligated, in opposition to the defendants' motion pursuant to CPLR 3216, to establish both a justifiable excuse for her failure timely to file the note of issue and a potentially meritorious cause of action, as her failure to file the note of issue by the court-ordered deadline constituted a species of default (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Grant v City of New York*, 17 AD3d 215, 216-217 [1st Dept 2005] ["an application to extend plaintiff's time to file a note of issue within that 90-day period serves to prevent a default on the notice"]; *cf. Conway v Brooklyn Union Gas Co.*, 212 AD2d 497, 497-498 [2d Dept 1995] [an affidavit of merit is not required where the motion pursuant to CPLR 2004 was made prior to the expiration of the prescribed period to respond]). Dismissal pursuant to CLR 3216 generally is warranted where a defendant timely and properly serves a 90-day notice, and a plaintiff fails to show, in opposition, that he or she did not intend to abandon prosecution of the action, that his or her history of extensive delay was justified, and that he or she had a meritorious claim (*see Thompson v Beth Israel Med. Ctr.*, 178 AD3d 468 [1st Dept 2019]; *see also Mosberg v*

**805001/2022 MCLOUGHLIN, MERCEDES vs. NEW YORK EYE SPECIALISTS AND ET AL**          **Page 4 of 6**
**Motion No. 003**

*Elahi*, 80 NY2d 941, 942 [1992] [plaintiff opposing a CPLR 3216 motion must demonstrate the existence of a "good and meritorious cause of action"]; *Garofalo v Mercy Hosp.*, 271 AD2d 642, 643 [2d Dept 2000] [opponent of CPLR 3216 motion must establish "a meritorious claim and excusable delay"]).

It has been said, however, that CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.*, 89 NY2d at 503), "in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2d Dept 2004]; *see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003]; *Deutsche Bank Natl. Trust Co. v Inga*, 156 AD3d at 761). Although the court thus recognizes that it "retains discretion to deny a motion to dismiss pursuant to CPLR 3216 even when a plaintiff fails to comply with the 90-day requirement and fails to demonstrate a justifiable excuse and a meritorious cause of action" (*Restaino v Capicotto*, 26 AD3d 771, 771 [4th Dept 2006], *Davis v Goodsell*, 6 AD3d at 384; *Rust v Turgeon*, 295 AD2d 962, 962-963 [4th Dept 2022]), the plaintiff, by failing to oppose the motion, has failed to present any acceptable rationale for her long delay in proceeding with discovery, totaling almost two years, and did not submit an affidavit of merit from a person with personal knowledge of the facts (*see Garcia v Roopnarine*, 18 AD3d 607, 607 [2d Dept 2005]), let alone an affirmation or affidavit of merit from a physician, which is necessary to establish the potential merit of a medical malpractice action (*see Mosberg v Elahi*, 80 NY2d at 942; *Smith v Montefiore Med. Ctr.*, 60 AD3d 479, 479 [1st Dept 2009]).

Where, as here, the plaintiff, subsequent to the receipt of the 90-day notice, did not contact the court, reach out to her adversaries to resolve any purported discovery disputes, or make a motion either to vacate the 90-day notice or a motion to extend her note of issue filing deadline prior to her August 22, 2023 default date, the court cannot excuse her long delay in resuming prosecution (*see Cato v City of New York,* 70 AD3d 471, 471-472 [1st Dept 2010]; *Schneider v Meltzer*, 266 AD2d 801, 802-803 [3d Dept 1999]).

**805001/2022   MCLOUGHLIN, MERCEDES vs. NEW YORK EYE SPECIALISTS AND ET AL**          **Page 5 of 6**
  **Motion No.  003**

5 of 6

[* 5]

Consequently, the defendants' motion must be granted, and the complaint must be dismissed.

In light of the foregoing, it is,

ORDERED that the motion is granted, and the complaint is dismissed; and it is further,

ORDERED that the Clerk of the court shall enter judgment accordingly.

This constitutes the Decision and Order of the court.

_____3/27/2024_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805001/2022   MCLOUGHLIN, MERCEDES vs. NEW YORK EYE SPECIALISTS AND ET AL**
**Motion No.  003**

**Page 6 of 6**

[* 6]